# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EARL PETERS, IDDO BLACKWELL,** | * | **CIVIL ACTION** |
| **KEVIN MATHIEU, LAVELLE** | * | |
| **MEYERS, DAN RILEY, RUSSELL** | * | |
| **WARE, WILLIAM DICKERSON,** | * | **NUMBER: 3:16-cv-00842-SDD-RLB** |
| **RONALD AILSWORTH, JIMMY** | * | |
| **TURNER, HERMAN BELLA,** | * | |
| **WALLACE BREAUX, ROSS McCAA** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE SHELLY D. DICK** |
| **RAMAN SINGH, JOHN BEL** | * | |
| **EDWARDS, JAMES M. LEBLANC,** | * | |
| **STEPHANIE LAMARTINIERE,** | * | **MAGISTRATE** |
| **DARRYL VANNOY, STATE OF** | * | **RICHARD L. BOURGEOIS** |
| **LOUISIANA, LOUISIANA** | * | |
| **DEPARTMENT OF PUBLIC SAFETY** | * | |
| **AND CORRECTIONS** | * | |

**********************************************************************

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants, the State of Louisiana, the Louisiana Department of Public Safety & Corrections ("DPC"), John Bel Edwards, in his official capacity as the Governor of Louisiana, James LeBlanc, in his official capacity as the secretary of the Louisiana Department of Public Safety and Corrections, Darryl Vannoy, in his official capacity as the Warden of Angola, Raman Singh, in his official capacity as the Medical/Mental Health Director of the Department of Public Safety and Corrections, and Stephanie Lamartinere, in her official capacity as the Assistant Warden at Angola (collectively, "Defendants") who, in response to Plaintiffs' Second Amended Complaint (improperly designated as "First Amended Complaint"), deny each and every allegation contained therein, except those that may be expressly admitted as follows:

-1-

**FIRST DEFENSE**
*(Failure to State a Claim)*

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that Defendants violated any of Plaintiffs' civil rights under the United States Constitution, or applicable federal law.

**SECOND DEFENSE**
*(Failure to Exhaust Administrative Remedies)*

Plaintiffs' Complaint contains several allegations of acts for which he has failed to exhaust his administrative remedies available under the Prison Litigation Reform Act. Pursuant to 42 U.S.C. § 1997e, plaintiff is barred from recovery under 42 U.S.C. §1983 and the ADA until such administrative remedies have been exhausted.

**THIRD DEFENSE**
*(Absolute and/or Qualified Immunity)*

If Defendants are found by the Court to have violated Plaintiffs' civil rights, which is denied, then each such defendant is immune from a judgment for damages because each defendant acted at all times reasonably and in good faith and in accordance with federal and state law and department rules and regulations. Defendants' conduct did not violate any clearly established constitutional or statutory rights of Plaintiff of which a reasonable person would have known. Said Defendants further show that their belief in the lawfulness of their actions was a reasonable belief and for that reason they are entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 U.S.C. § 1983.

**FOURTH DEFENSE**
*(Eleventh Amendment Immunity)*

Defendants are entitled to Eleventh Amendment Immunity. The State of Louisiana has not consented to being sued in Federal Court. Further, the Department of Public Safety and Corrections is an alter ego of the state and is therefore entitled to Eleventh Amendment immunity. Eleventh Amendment immunity also applies to state officials and employees in their official capacity for monetary damages.

**FIFTH DEFENSE**
*(Denial of Relief Prayed For)*

Plaintiff is not entitled to monetary, injunctive or declaratory relief. Plaintiff is not entitled to any monetary relief, pre-judgment interest, post-judgment interest, nor is he entitled to an award of costs or attorneys' fees under 42 U.S.C. § 1988 or any other applicable law.

**SIXTH DEFENSE**
*(Supervisory Capacity)*

To the extent the Defendants are sued in their official capacity, they are not liable under Section 1983 for monetary damages. Neither the state or an official in their official capacities are a "person" for purposes of Section 1983. *Will v. Michigan Dept. Of State Police*, 109 S. Ct. 2304 (1989).

**SEVENTH DEFENSE**
*(State Law Claims/Judicial Review)*

In the alternative, if this Court finds that any state law claims should not be dismissed under the Eleventh Amendment, then Plaintiff is only entitled to judicial review of the record of his ARP. State law governs Plaintiff's state law claims in this Court. Under state law, an offender who is aggrieved by the final agency decision concerning his ARP has recourse to the courts, but only in

the form of judicial review of the record pursuant to La. R.S. 49:964. Such review is limited solely to the record of the ARP.

## NINTH DEFENSE
### *(Lack of Subject Matter Jurisdiction)*

This court does not have subject matter jurisdiction over Plaintiff's claims under the Americans with Disabilities Act.

## TENTH DEFENSE
### *(Prescription)*

Some of the claims set forth in the Complaint have prescribed, in whole or in part, by the applicable statute of limitations and/or prescription.

## ELEVENTH DEFENSE
### *(Contributory Fault of the Plaintiff)*

In the alternative, if any defendant is found to have violated the Plaintiff's civil rights and is not entitled to qualified immunity, the Plaintiff contributed to his own injuries and/or damages through his own intentional and/or negligent acts and/or failure to conduct himself in a reasonable manner.

## TWELFTH DEFENSE
### *(Good Fath, Probable Cause, No Malice)*

All actions taken by the Defendants were taken in good faith, under the law, with probable cause, and without malice.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages under the ADA or RA.

## FOURTEENTH DEFENSE
### *(Improper Joinder*)

Plaintiffs are improperly joined under Federal Rules of Civil Procedure 20.

## ANSWER TO SECOND AMENDED COMPLAINT

AND NOW, Defendants further answer the allegations in Plaintiff's Second Amended Complaint (improperly designed as "First Amended Complaint") as follows:

1.

Paragraph 1 of Plaintiffs' Second Amended Complaint is denied.

2.

Paragraph 2 of Plaintiffs' Second Amended Complaint is denied. Plaintiffs' medical records reflect their medical conditions and treatments and are best evidence of the same.

3.

Paragraph 3 of Plaintiffs' Second Amended Complaint is denied. The LSP and DOC policies are the best evidence of their contents. Defendants object to Figure 1 and Table 1 referenced in this paragraph. These charts do not accurately reflect plaintiffs treatment. Plaintiffs' medical records reflect their medical conditions and treatments and are best evidence of the same.

4.

It is admitted that there is a policy in place regarding hernia surgeries. The remaining allegations in Paragraph 4 are denied.

5.

Paragraph 5 of Plaintiffs' Second Amended Complaint is denied.

6.

Paragraph 6 of Plaintiffs' Second Amended Complaint is denied.

7.

Paragraph 7 of Plaintiffs' Second Amended Complaint is denied.

8.

Paragraph 8 of Plaintiffs' Second Amended Complaint is denied.

9.

Paragraph 9 of Plaintiffs' Second Amended Complaint is denied.  Further, Defendants object to "Table 1: Summary of Plaintiff Information" referenced in this paragraph. These charts do not accurately reflect plaintiffs' treatment. Plaintiffs' medical records reflect their medical conditions and treatments and are best evidence of the same.

10.

Paragraph 10 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied. The case cited by plaintiffs involved numerous issues concerning medical care, and the court did not hold that waiting for surgery for five to six months was unconstitutional.

11.

Paragraph 11 of Plaintiffs' Second Amended Complaint is denied. The cases cited by plaintiffs do not hold that the type of policy in place at LSP is unconstitutional. Further, plaintiffs misrepresent and speculate as to the settlement in *Copeland*.

12.

It is admitted that plaintiffs' counsel wrote a letter to some of the defendants. The remaining allegations in Paragraph 12 are denied.

13.

Paragraph 13 of Plaintiffs' Second Amended Complaint is denied for lack of lack of sufficient information to justify a belief therein.

14.

It is admitted that the Department of Justice filed a brief in *Hacker v. Cain*. The remaining allegations are denied.

15.

Paragraph 15 of Plaintiffs' Second Amended Complaint is denied.

16.

Paragraph 16 of Plaintiffs' Second Amended Complaint is admitted.

17.

Paragraph 17 of Plaintiffs' Second Amended Complaint is denied.

18.

It is admitted that Earl Peters, DOC number 121471, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 18 are denied.

19.

It is admitted that Peters was diagnosed with a hernia. The remaining allegations are denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

20.

Paragraph 20 is denied for lack of sufficient information to justify a belief therein. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

21.

It is admitted that Peters received surgery on August 3, 2016. The remaining allegations are denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

22.

It is admitted that Peters filed an ARP 2016-1200 on May 6, 2016. Peters' request for immediate surgery was denied, but his request for pain medication was granted. It is denied that the ARP 2016-1200 was an accommodation request as defined under the ADA.

23.

It is admitted that Kevin Mathieu, DOC number 385902, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 23 are denied.

24.

It is admitted that Kevin Mathieu was diagnosed with cataracts. The remaining allegations are denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

25.

It is admitted that Mathieu filed an ARP 2016-0029 on January 16, 2016 and LSP found that his claims were not substantiated. The remaining allegations are denied.

26.

It is admitted that Iddo Blackwell, DOC number 124704, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 26 are denied.

27.

It is admitted that Iddo Blackwell was diagnosed with cataracts. The remaining allegations are denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

28.

It is admitted that Blackwell filed an ARP 2016-0653 on February 4, 2016 and LSP found that his claims were not substantiated. The remaining allegations are denied.

29.

It is admitted that Dan Riley, DOC number 113138, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 29 are denied.

30.

It is admitted that Riley was diagnosed with cataracts. The remaining allegations are denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

31.

It is admitted that Riley filed an ARP 2016-1096 on April 7, 2016 and LSP found that his claims were not substantiated. The remaining allegations are denied.

32.

It is admitted that Russell Ware , DOC number 118323, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 32 are denied.

33.

It is admitted that Ware was diagnosed with a hernia. The remaining allegations are denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

34.

Paragraph 34 is denied for sufficient information to justify a belief therein.

35.

It is admitted that Riley filed an ARP 2016-1012 on April 4,  2016 and LSP found that his claims were not substantiated.

36.

It is admitted that Lavelle Meyers, DOC number 229907, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 36 are denied.

37.

It is admitted that Meyers was diagnosed with a hernia. The remaining allegations are denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

38.

It is admitted that Meyers filed an ARP 2015-2546 on September 4, 2015 and LSP found that his claims were not substantiated. It is denied that this ARP was a request for an accommodation as defined under the ADA.

39.

It is admitted that William Dickerson, DOC number 130818, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 39 are denied.

40.

Paragraph 40 of Plaintiffs' Second Amended Complaint is denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

41.

Paragraph 41 of Plaintiffs' Second Amended Complaint is denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

42.

Paragraph 42 is denied for lack of sufficient information to justify a belief therein.

43.

It is admitted that Ronald Ailsworth, DOC number 92888, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 43 are denied.

44.

Paragraph 44 of Plaintiffs' Second Amended Complaint is denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

45.

It is admitted that Jimmy Turner, DOC number 534856, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 45 are denied.

46.

Paragraph 46 of Plaintiffs' Second Amended Complaint is denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

47.

It is admitted that Herman Bella, DOC number 189301, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 47 are denied.

48.

Paragraph 48 of Plaintiffs' Second Amended Complaint is denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

49.

Paragraph 49 of Plaintiffs' Second Amended Complaint is denied. Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

50.

It is admitted that Ross McCaa, DOC number 156073, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 50 are denied.

51.

Paragraph 51 of Plaintiffs' Second Amended Complaint is denied.  Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

52.

Paragraph 52 of Plaintiffs' Second Amended Complaint is denied.  Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

53.

Paragraph 53 of Plaintiffs' Second Amended Complaint is denied.  Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

54.

It is admitted that Wallace Breaux, DOC number 236986, is a prisoner confined at Louisiana State Penitentiary, is suitable age to file suit and was a resident of West Feliciana Parish. The remaining allegations in Paragraph 54 are denied.

55.

Paragraph 55 of Plaintiffs' Second Amended Complaint is denied.  Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

56.

Paragraph 56 of Plaintiffs' Second Amended Complaint is denied.  Plaintiff's medical records reflect his medical conditions and treatments and are best evidence of the same.

57.

It is admitted that Dr. Raman Singh is the Medical Health Director of the Department of Public Safety and Corrections.   Plaintiffs' allegations regarding Dr. Raman Singh legal obligations/actions call for conclusions of law and these allegations are denied.

58.

Whether the State of Louisiana is subject to the ADA and Rehab Act is a question of law and does not require an answer from Defendants. It is admitted that the state of Louisiana is a recipient of federal financial assistance. To the extent the allegations in Paragraph 58 concern fault of Defendants, those allegations are denied.

59.

Whether the Department of Public Safety and Corrections is subject to the ADA and Rehab Act is a question of law and does not require an answer from Defendants. To the extent the allegations in Paragraph 59 concern fault of Defendants, those allegations are denied.

60.

It is admitted that John Bel Edwards is the Governor of Louisiana. The remaining allegations in paragraph 60 are denied.

61.

It is admitted that James Leblanc is the Secretary of the Louisiana Department of Public Safety and Corrections. His responsibilities are set forth by state law and by the Louisiana

Department of Public Safety. Plaintiffs' allegations regarding James Leblanc's legal obligations/actions call for conclusions of law and, are denied.

62.

It is admitted that Darryl Vannoy is the current Warden of Angola. His duties and functions are set forth by the Louisiana Department of Public Safety and Corrections. Plaintiffs' allegations regarding Warden Vannoy's  legal obligations/actions call for conclusions of law, and are denied.

63.

It is admitted that Stephanie Lamartiniere is an Assistant Warden at Angola.  Her duties and functions are set forth by the Louisiana Department of Public Safety and Corrections. Plaintiffs' allegations regarding Warden Lamartiniere's legal obligations/actions call for conclusions of law, and are denied.

64.

The allegations in Paragraph 64 of Plaintiffs' Second Amended Complaint attempt to define medical conditions and are denied.

65.

The allegations in Paragraph 65 of Plaintiffs' Second Amended Complaint attempt to define medical conditions and are denied.

66.

The allegations in Paragraph 66 of Plaintiffs' Second Amended Complaint attempt to define medical conditions and are denied.

67.

Paragraph 67 of Plaintiffs' Second Amended Complaint is denied. The policy at Angola regarding medical care for hernias is outlined in the Hernia Guidelines and is best evidence of the same.

68.

Paragraph 68 of Plaintiffs' Second Amended Complaint is denied.

69.

Paragraph 69 of Plaintiffs' Second Amended Complaint is denied. The emails referred to by plaintiff are the best evidence of their contents.

70.

Paragraph 70 of Plaintiffs' Second Amended Complaint is denied. The emails referred to by plaintiff are the best evidence of their contents.

71.

Paragraph 71 of Plaintiffs' Second Amended Complaint is denied. The emails referred to by plaintiff are the best evidence of their contents.

72.

Paragraph 72 of Plaintiffs' Second Amended Complaint is denied. Dr. Collins testified that a facility was built at Angola to perform various procedures, not exclusively hernias. This facility is utilized by Angola.

73.

It is admitted that Dr. Collins testified in a deposition that he left his position earlier than he expected due to the "commotion of...lawsuits." The remaining allegations are denied.

74.

Paragraph 74 of Plaintiffs' Second Amended Complaint is denied.

75.

Paragraph 75 of Plaintiffs' Second Amended Complaint is denied.

76.

It is admitted that an Offender Surgical Request Form exists. The remaining allegations in Paragraph 76 of Plaintiffs' Second Amended Complaint are denied.

77.

Paragraph 77 of Plaintiffs' Second Amended Complaint is denied.

78.

Paragraph 78 of Plaintiffs' Second Amended Complaint is denied. The Hernia Guidelines allow for a surgery referral for a reducible hernia and are the best evidence of the same.

79.

Paragraph 79 of Plaintiffs' Second Amended Complaint is denied.

80.

Paragraph 80 of Plaintiffs' Second Amended Complaint is denied. The medical records referred to by plaintiffs are the best evidence of their contents.

81.

Paragraph 81 of Plaintiffs' Second Amended Complaint is denied. The inmate's medical records reflect his medical conditions and treatments and are best evidence of the same.

82.

Paragraph 82 of Plaintiffs' Second Amended Complaint is denied. The inmate's medical records reflect his medical conditions and treatments and are best evidence of the same.

83.

The allegations in Paragraph 83 of Plaintiffs' Second Amended Complaint call for legal conclusions and are denied. The portions of the Administrative Code cited by plaintiffs apply to parish prisons.

84.

Paragraph 84 of Plaintiffs' Second Amended Complaint is denied.

85.

Paragraph 85 of Plaintiffs' Second Amended Complaint is denied. The Hernia Guidelines govern hernia care at LSP are the best evidence of the same.

86.

Paragraph 86 of Plaintiffs' Second Amended Complaint is denied. The Hernia Guidelines govern hernia care at LSP are the best evidence of the same.

87.

It is admitted that HC-16 policy defines elective procedures as "Any planned non-emergency procedure. It may be either medically necessary (e.g., cataract surgery, routinely scheduled heart surgery, etc.) or optional e.g., cosmetic, etc.)."

88.

It is admitted that if a medical condition is not an emergency then surgery does not have to be done immediately. The remaining allegations in Paragraph 88 are denied.

89.

It is admitted that the Advocacy Center filed a lawsuit against Secretary LeBlanc, Warden Cain and Angola on behalf of Mark Whitted. The remaining allegations are denied.

90.

It is admitted that the Whitted lawsuit was settled. The settlement is the best evidence of its contents and has no bearing on the present litigation. The remaining allegations are denied.

91.

Paragraph 91 of Plaintiffs' Second Amended Complaint is denied.

92.

Paragraph 92 of Plaintiffs' Second Amended Complaint is denied.

93.

Paragraph 93 of Plaintiffs' Second Amended Complaint is denied.

94.

Paragraph 94 of Plaintiffs' Second Amended Complaint requires no answer from Defendants. To the extent  the allegations concern the fault of Defendants, those allegations are denied.

95.

Paragraph 95 of Plaintiffs' Second Amended Complaint is denied.

96.

Paragraph 96 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied.

97.

Paragraph 97 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied.

98.

Paragraph 98 of Plaintiffs' Second Amended Complaint is denied.

99.

Paragraph 99 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied.

100.

Paragraph 100 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied.

101.

Paragraph 101 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied.

102.

Paragraph 102 of Plaintiffs' Second Amended Complaint is denied.

103.

Paragraph 103 of Plaintiffs' Second Amended Complaint is denied.

104.

Paragraph 104 of Plaintiffs' Second Amended Complaint requires no answer from Defendants.  To the extent  the allegations concern the fault of Defendants, those allegations are denied.

105.

Paragraph 105 of Plaintiffs' Second Amended Complaint is denied.

106.

Paragraph 106 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied.

107.

It is admitted that the US Department of Justice filed a brief in the *Hacker* case, where the jury ultimately found that plaintiff's allegations were unfounded.

108.

Paragraph 108 of Plaintiffs' Second Amended Complaint calls for a legal conclusion and is denied.

109.

Paragraph 109 of Plaintiffs' Second Amended Complaint is denied.

110.

Paragraph 110 of Plaintiffs' Second Amended Complaint is denied.

111.

Paragraph 111 of Plaintiffs' Second Amended Complaint is denied.

112.

Paragraph 112 of Plaintiffs' Second Amended Complaint is denied.

113.

Paragraph 113 of Plaintiffs' Second Amended Complaint is denied.

114.

Defendants specifically deny any and all relief prayed for by Plaintiffs.

115.

Defendants reiterate their demand for a trial by jury on all issues so triable.

WHEREFORE, Defendants, State of Louisiana, Louisiana Department of Public Safety and Corrections, John Bel Edwards, in his capacity as Governor of Louisiana, James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, Darryl Vannoy, Warden at Angola, Raman Singh, Medical/Mental Health Director of the Department of Safety and Corrections, and Stephanie Lamartinere, Assistant Warden at Angola, pray that this Answer to Second Amended Complaint be deemed good and sufficient and that after all due proceedings and legal delays are had, there be judgment rendered in favor of Defendants and against Plaintiffs, rejecting and denying the Plaintiffs' claims, and that this suit be dismissed at Plaintiffs' costs;

**AND FOR ALL GENERAL AND EQUITABLE RELIEF.**

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:_____s/Andrew Blanchfield_____
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, Louisiana  70821
        Telephone:  (225) 383-3796
        Facsimile:  (225) 343-9612

-22-

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 19th day of September, 2017.

<u>       s/Andrew Blanchfield      </u>
Andrew Blanchfield