UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL PETERS, ET AL | CIVIL ACTION |
| VERSUS | 16-00842-SDD-RLB |
| RAMAN SINGH, ET AL | |

## RULING

Before the Court is a *Motion to Sever Plaintiffs' Claims*[1] filed by Defendants, State of Louisiana, Louisiana Dept. of Public Safety and Corrections, John Bel Edwards, James LeBlanc, Darryl Vannoy, Raman Singh, and Stephanie Lamartinere ("Defendants"). Plaintiffs, Earl Peters, Iddo Blackwell, Kevin Mathieu, Lavelle Meyers, Dan Riley, Russell Ware, William Dickerson, Ronald Ailsworth, Jimmy Turner, and Herman Bella ("Plaintiffs") have filed an *Opposition*[2] to this *Motion*. For the following reasons, Defendants' *Motion to Sever Plaintiffs' Claims* shall be DENIED.

## I.  BRIEF BACKGROUND PROCEDURAL HISTORY

Plaintiffs are inmates incarcerated at Louisiana State Penitentiary ("Angola").[3] In their *Complaint*, each Plaintiff alleges the Defendants violated their rights under the Eighth Amendment to the United States Constitution ("Eighth Amendment"), the Americans with Disabilities Act of 1990, 42 USCA § 12101 *et seq* ("ADA"), and the Rehabilitation Act, 29 USCA § 701 *et seq* ("RA"). Specifically, Plaintiffs allege that the Defendants implemented policies of denying and/or delaying doctor-prescribed surgeries in deliberate indifference

---

[1] Rec. Doc. 44.
[2] Rec. Doc. 50.
[3] Rec. Doc. 56 pp. 6-15.
Document Number: 42462

to their serious medical needs in violation of the Eighth Amendment.[4] The claims of Plaintiffs Mathieu, Blackwell, Riley, Dickerson, and Turner arise out of complaints concerning cataracts. The claims of Plaintiffs Ailsworth, Peters, Meyers, Bella, and Ware, arise out of complaints concerning hernias. Plaintiffs further allege they are qualified persons with disabilities as defined by the ADA, and the disputed policies are facial violations of the ADA.[5]

In the current *Motion*, Defendants claim that Plaintiffs fail to meet the requirements for permissive joinder of parties under Federal Rule of Civil Procedure 20.[6] As a result, Defendants move this Court to sever the claims of each Plaintiff into ten (10) separate actions under Rule 21 or, in the alternative, conduct separate trials for each Plaintiff as permitted by Rule 42(b).

Defendants make four arguments in favor of severance: (1) each Plaintiff has a unique medical history that does not constitute the same transaction or occurrence; (2) the lack of any common facts outweighs any common issues of law; (3) judicial economy would not be facilitated if the cases were tried jointly; and (4) severance will eliminate prejudice. Defendants alternatively argue for separate trials of each Plaintiff in order to avoid the risk of jury confusion and prejudice.

Plaintiffs, in turn, aver they have met the requirements of Rule 20 and their claims do arise out of the same series of occurrences. Additionally, Plaintiffs argue that severance of the case into ten separate trials would not promote judicial economy given the overlap in witnesses and evidence in each case.

---

[4] *Id.* at p. 28.
[5] Rec. Doc. 56 at p. 26.
[6] In this Ruling, any and all references to "Rule [ ]" or "Rules" are to the Federal Rules of Civil Procedure.
Document Number: 42462

II.  **LAW AND ANALYSIS**

A. **Standard for Motions to Sever**

Under Rule 21 of the Federal Rules of Civil Procedure, a district court has broad discretion to sever improperly joined parties.[7] Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance.[8] Rule 20(a)(1) provides that:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.[9]

Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when: (1) their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and, (2) there is at least one common question of law or fact linking all claims.[10] "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."[11]

---

[7] *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).
[8] See *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 523 F.3d 1073, 1079 (9th Cir. 1975).
[9] Fed. Rec. Civ. P. 20.
[10] *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995).
[11] *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).
Document Number: 42462

When applying the two-prong test, the Court considers whether there is a logical relationship between the claims and whether there is any overlapping proof or legal question.[12] The Court must also consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims.[13] However, even if the two-prong test is satisfied, the Court has the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.[14]

**B. Common Question of Fact**

Defendants offer a short summary of each individual Plaintiff's medical history in order to show the alleged unique circumstances of each individual Plaintiff's claim.[15] Specifically, Defendants assert that the "severity of cataracts and/or hernia is at issue [for each plaintiff]," therefore, the "collective allegations do not arise out of the same transaction or occurrence."[16] Next, Defendants argue that, although each Plaintiff generally claims violations of the Eighth Amendment and the ADA, the proof and evidence associated with each individual Plaintiff's claim will be different. In similar fashion, Defendants make the same argument in reference to the Plaintiffs' ADA claims: "[n]either cataracts [n]or a hernia is considered a 'disability' under the ADA," therefore... "Plaintiffs'

---

[12] *Weber v. Lockheed Martin Corp.*, No. 00-2876, 2001 WL 274518, at *1 (E.D. La. Mar. 20, 2001) (quotation and citation omitted).
[13] *Adams v. Big Lots Stores, Inc.*, No. 08-4326, 2009 WL 2160430, at *2 (E.D. La. July 16, 2009) (citation omitted); See *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014).
[14] *Acevedo*, 600 F.3d at 521.
[15] Rec. Doc. 44-1 p. 4-8.
[16] Rec. Doc. 33 at p. 8-9.
Document Number: 42462

allegations do not arise out of a common transaction or occurrence, as any alleged violation is particular to each plaintiff."[17]

Plaintiffs maintain that their claims arise out of the same series of occurrences because they were each recommended surgery and were denied surgery, in some instances for years, due to policies promulgated by the Defendants. In addition, Plaintiffs aver that Defendants rely on several questions of law, including 14 affirmative defenses, which would apply to all ten Plaintiffs.[18] Finally, Plaintiffs point to four different cases previously decided in this District that contain similar claims asserting common questions of law.[19] Interestingly, Defendants rely on a decision on a motion for consolidation of those same cases in support of their present motion.[20] The Court finds the decision in *Varnado v. Leblanc* persuasive in the current matter.[21]

In *Varnado*, four inmates at Angola brought a motion to consolidate their separate claims alleging medical indifference in violation of their Eighth Amendment rights per Federal Rule of Procedure 42(a).[22] Each plaintiff claimed that his cause of action originated from the failure to provide recommended surgery for hernias.[23] The defendants opposed consolidation asserting that the cases did not present common issues of fact due to the differences in each inmate's medical history.[24] The *Varnado* court analyzed

---

[17] *Id.* at p. 10.
[18] Rec. Doc. 50 p. 2.
[19] See *Kenneth F. Lesley v. N. Burl Cain et al.*, No. 13-cv-00490-JWD-EWD; *Wayne Fritz v. N. Burl Cain et al.*, 13-cv-00556-JWD-SCR; *Donald Thomas v. N. Burl Cain et al.*, No. 13-cv-00673-JWD-SCR and *Hymel Varnado v. James Leblanc, et al* 13-cv-348-JWD-EWD. The foregoing cases all presented allegations of inmates incarcerated at Angolo who were allegedly denied surgery for hernias. See *Varnado v. Leblanc*, No. 3:13-00348-JWD-EWD, 2016 WL 320146, at *1 (M.D. La. Jan. 25, 2016).
[20] Rec. Doc. 44-1 p. 10.
[21] No. 3:13-00348-JWD-EWD, 2016 WL 320146, at *1 (M.D. La. Jan. 25, 2016).
[22] *Id.* at *1.
[23] *Id.*
[24] *Id.* at *2.

the different procedural posture in each of the four cases finding that, while some had just begun discovery, others had reached conclusion.[25] Additionally, the court considered the fact-intensive requirements of establishing a failure to provide medical care claim against prison officials and/or medical professionals.[26] Ultimately, the court decided to consolidate the cases for purposes of discovery, "to minimize redundant discovery so as to avoid unnecessary cost or delay,[27] and ensure the just, speedy, and inexpensive determination of every action and proceeding."[28]

The current motion to sever is the exact inverse of the *Varnado* motion; however, the same principles apply. Instead of moving to consolidate several cases at varying stages in litigation, the current Plaintiffs have filed suit together. Considering that discovery in this case has only just begun, the Court finds that consideration of severance is premature, and judicial economy will be better served by "avoid[ing] unnecessary cost or delay." Moreover, in light of the similarities of the claims; *i.e.* each Plaintiff is an inmate at the same prison, alleging violations under the same policies, who were treated by similar if not the same medical professionals, this Court finds that Plaintiffs have superficially met the requirements of Rule 20. Acknowledging that each individual Plaintiff will have the burden of proving his own individual damages, the Court finds that "joinder of claims, parties and remedies is strongly encouraged" at this stage of litigation. Allowing Plaintiffs to remain joined at this stage of the litigation process promotes judicial economy by saving time and streamlining the discovery process. Additionally, the "Defendants' own

---

[25] *Id.* at *3.
[26] *Varnado* at *3.
[27] *Id.* (citing Fed. Rec. Civ. P. 42(a)(3)).
[28] *Id.* (internal quotations omitted)(citing Fed. Rec. Civ. P. 1).
Document Number: 42462

venerable rights to a fair trial and an impartial jury" are preserved.[29] Therefore, the Court denies the *Motion to Sever* without prejudice. Following resolution of any dispositive motions in this case, the parties may re-urge the *Motion* for the Court's consideration.

### III. CONCLUSION

Accordingly, the *Motion to Sever Plaintiff's Claims* by Defendants is hereby DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on *November 6, 2017*.

*[signature]*
JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[29] *Id.* at *3.
Document Number: 42462