UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EARL PETERS, IDDO BLACKWELL, KEVIN MATHIEU, LAVELLE MEYERS, DAN RILEY, RUSSELL WARE** | * * * * * | **CIVIL ACTION** |
| | * | **NUMBER: 3:16-cv-00842-SDD-RLB** |
| **VERSUS** | * * | |
| | * | **JUDGE SHELLY D. DICK** |
| **RAMAN SINGH, JOHN BEL EDWARDS, JAMES M. LEBLANC, STEPHANIE LAMARTINIERE, DARRYL VANNOY, STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** | * * * * * * * * | **MAGISTRATE RICHARD L. BOURGEOIS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATEMENT OF UNDISPUTED FACTS**

1. At all times pertinent herein, Ronald Ailsworth was an inmate sentenced to the custody of the Louisiana Department of Public Safety and Corrections and was confined to the Louisiana State Penitentiary in Angola.

2. Plaintiff's first complaint of a hernia occurred in in January 2013 when plaintiff filled out a Health Care Request Form.[1]

3. In July 2013, plaintiff was seen for his annual exam. It was noted that the offender was exercising regularly, and that his hernia was larger but caused no pain.[2]

4. On March 12, 2014, Ailsworth filled out a Health Care Request form requesting a renewal of his hypertension medication and requested to visit to the doctor regarding hernia surgery.[3]

---

[1] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011203.

[2] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011186.

[3] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011175.

        However, on March 21, 2014 Ailsworth refused medical care for his appointment.[4] Ailsworth again refused treatment for a physical exam on October 13, 2014 and October 21, 2014.[5]

5. Ailsworth was seen on November 20, 2014 for follow up for hypertension, Hepatitis C and a right inguinal hernia. His exam that day was completely normal.[6]

6. Ailsworth was seen on several occasions concerning treatment of his Hepatitus, and did not complain of a hernia again until June 24, 2016. Ailsworth was then referred to Dr. Lavespere for a hernia consult and was noted to have a "possible hernia."[7]

7. In September 2016, the offender underwent a liver biopsy to rule out a heptocellular carcinoma.[8]

8. Ailsworth made several unrelated health care requests from September 2016 to March 2017, with no mention of hernia pain.[9]

9. Ailsworth was seen in the clinic on March 22, 2017 and it was noted that the hernia was reducible with pain.

10. On March 22, 2017, a referral for a surgical consultation was sent.[10] Angola requested an appointment and was notified that Ailsworth would be scheduled as soon as the surgeon had

---

[4] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011174.

[5] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011158; Bates #011159.

[6] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011157.

[7] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011141.

[8] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011129.

[9] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #011117, 011112 and 011108.

[10] Exhibit A, Affidavit of Dr. Lavespere;

availability, but to advise if earlier appointment was needed due to change in medical condition.[11]

11. On July 26, 2017, Plaintiff was seen at Angola by Dr. John B. Morrison, staff surgeon at University of New Orleans. Dr. Morrison referred Plaintiff for a Right Inguinal Hernia repair.[12]

12. On August 16, 2017, a surgery date was requested for repair of a right inguinal hernia. After numerous days waiting for an available operating room from Lallie Kemp, Plaintiff's surgery was scheduled for October 2, 2017.[13]

13. On October 2, 2017, Ailsworth underwent a Right Inguinal Hernia Repair with mesh at Lallie Kemp Medical Center.[14]

14. Ailsworth filed an ARP on June 7, 2016 and the second step was denied on September 20, 2016.[15]

15. In 2013, Earl K. Long, the charity hospital that performed surgeries for those inmates in the custody of the Department of Corrections ("DOC"), was shut down, forcing the DOC to redesign the medical system.[16]

---

[11] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #017468.

[12] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #020458-020459.

[13] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates # 002182-002183.

[14] Exhibit A, Affidavit of Dr. Lavespere; Exhibit A-1, Medical Records, Bates #019784-019785.

[15] Exhibit G, ARP.

[16] Deposition of Dr. Raman Singh, p. 23.

16. Because the prisons state wide do not have operating rooms or surgeons at their facilities, DOC contracts with hospitals to provide surgery to inmates.[17] The surgeon at the particular hospital ultimately decides whether a prisoner requires surgery.[18]

17. As a result of limited capacity and operating rooms at each hospital across the state, the DOC is charged with prioritizing the need.[19]

18. After the redesign, DOC's first priority was to maintain access to emergency medical care, to include life threatening hernias.[20]

19. As a result, in order to effectively prioritize the need, the DOC put together a group of doctors to promulgate guidelines for hernias.[21]

20. Prevailing medical opinion is that a reducible hernia, with no other issues related to incarceration, strangulation or significant pain, does not require immediate surgery.[22] Thus, reducible hernias, which do not pose a immediate threat to a patient, were not considered emergency surgeries.[23]

21. After the transition, the Hernia Guidelines were put in place. Per the Guidelines, a physician should refer an inmate for surgical consultation if the hernia is not reducible, the hernia is large in size and failing medical management, there are signs of incarceration, or significant

---

[17] Deposition of Dr. Raman Singh, p. 17-18.

[18] Deposition of Dr. Raman Singh, p. 126, 167, 205.

[19] Deposition of Dr. Raman Singh, p. 181.

[20] Deposition of Dr. Raman Singh, p. 56.

[21] Deposition of Dr. Raman Singh, p. 51.

[22] Deposition of Dr. Raman Singh, p. 51-52.

[23] Deposition of Dr. Raman Singh, p. 53.

pain requiring narcotics or pain management.[24] Thus, if an inmate's hernia was reducible, but there was some other issue, such as failing medical management, significant pain, etc., a physician could refer the inmate for a surgical evaluation.

22. Even during the transition, if an inmate's hernia did not meet the guideline, but the physician felt like the inmate needed a surgical consult, the physician could provide that information to DOC and the surgeon and request an evaluation.[25]

23. Once the doctor at LSP refers an inmate for surgical consultation, the surgeon at the outside hospital determines whether surgery is required.

24. The surgeon will schedule the surgery and LSP will make transportation arrangements.

25. The DOC did not "decline" surgeries. Initially Eceptionist did not have a way to keep a referral request pending.[26] Therefore, if DOC required additional information, the program would generate a "declined by HQ" note. DOC was not declining surgeries; its focus was prioritizing the need.

26. From 2009-2015, plaintiff's job assignment was an inmate minister and a chaplain clerk.[27]

27. An inmate minister performs church services, delivers death notifications to offenders of their family members that pass away, and serve as social mentors to other inmates.[28]

---

[24] Exhibit C, Hernia Guidelines.

[25] Deposition of Dr. Raman Singh, p. 114-115. .

[26] Deposition of Dr. Raman Singh, p. 102-106.

[27] See Location Sheet, Exhibit E.

[28] Affidavit of Amber Vittorio, Exhibit F.

28. A chaplain clerk works in the Chaplain's department and Bible College to assist with cleaning and organizing.[29]

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:     s/Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone: (225) 383-3796
        Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 10th day of April, 2019.

        s/Andrew Blanchfield
        Andrew Blanchfield

---

[29] *Id.*