UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL PETERS, IDDO BLACKWELL, KEVIN MATHIEU, LAVELLE MEYERS, DAN RILEY, RUSSELL WARE | * * * * * | CIVIL ACTION |
| | * | NUMBER: 3:16-cv-00842-SDD-RLB |
| VERSUS | * * | |
| | * | JUDGE SHELLY D. DICK |
| RAMAN SINGH, JOHN BEL EDWARDS, JAMES M. LEBLANC, STEPHANIE LAMARTINIERE, DARRYL VANNOY, STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | * * * * * * * * | MAGISTRATE RICHARD L. BOURGEOIS |

*************************************************************************

## MOTION FOR SUMMARY JUDGMENT TO DISMISS
## ALL CLAIMS ON BEHALF OF PLAINTIFF HERMAN BELLA

NOW INTO COURT, through undersigned counsel, come Defendants, State of Louisiana, Louisiana Department of Public Safety and Corrections, John Bel Edwards, in his capacity as Governor of Louisiana, James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, Darryl Vannoy, Warden at Angola, Raman Singh, and Stephanie Lamartinere, Assistant Warden at Angola, who, pursuant to Federal Rule of Civil Procedure 56, move to dismiss the claims of plaintiff Herman Bella. Plaintiff's deliberate indifference and ADA claims must be dismissed. First, plaintiff's claims are prescribed, as the alleged violations occurred in 2013, more than one year before suit was filed; under established case law, plaintiff cannot claim prescription was tolled where he consistently received medical treatment.

Further, the deliberate indifference claims are without merit. Contrary to plaintiff's allegations, defendants did not "deny" plaintiff's hernia surgery. Plaintiff was not recommended for

surgery by a surgeon until 2016, and surgery was provided thereafter. Numerous federal district and appellate courts throughout the United States have found that institutional policies dictating that reducible hernias should be treated non-operatively were medically and constitutionally appropriate. The fact that plaintiff did not receive surgery when he thought it appropriate does not support a claim for deliberate indifference. In addition, plaintiff cannot show that his job assignment as a janitor required him to perform physical labor that constituted a danger to his life and health, and thus the deliberate indifference work assignment claim is without merit. In the alternative, defendants are entitled to qualified immunity, as plaintiff cannot show a violation of a clearly established right where numerous federal courts have held non-surgical treatment of reducible hernias do not violate the constitution.

Lastly, plaintiff's ADA claims should be dismissed. Plaintiff's reducible hernia does not qualify as a disability under the ADA, and further, plaintiff's allegation that defendants treated inmates with reducible hernias differently by not providing surgery does not constitute discrimination under the ADA.

WHEREFORE, defendants pray that this summary judgment be granted, dismissing all claims of Herman Bella, with prejudice, at plaintiff's costs.

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:    s/Andrew Blanchfield
      Andrew Blanchfield, T.A. (#16812)
      Email: ablanchfield@keoghcox.com
      C. Reynolds LeBlanc (#33937)
      Email: rleblanc@keoghcox.com
      Chelsea A. Payne (#35952)
      Email: cpayne@keoghcox.com
      Special Assistant Attorneys General
      701 Main Street (70802)
      Post Office Box 1151
      Baton Rouge, Louisiana 70821
      Telephone: (225) 383-3796
      Facsimile: (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 10th day of April, 2019.

                s/Andrew Blanchfield
                Andrew Blanchfield